**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ALEXIS MOJICA, VIDAMARIS ZAYAS-VELAZQUEZ, and the MOJICA-ZAYAS CONJUGAL PARTNERSHIP,<br><br>**Plaintiffs**,<br><br>v.<br><br>CENTRO DE RECAUDACIONES DE IMPUESTOS MUNICIPALES and INSURANCE COMPANY XYZ,<br><br>**Defendants.** | **CIVIL NO. 23-1309 (RAM)** |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Plaintiff[1] Alexis Mojica-Rodriguez's ("Plaintiff" or "Mr. Mojica") *Motion Requesting Leave to File Second Amended Complaint* ("*Motion*"). For the reasons below, Plaintiff's *Motion* is **DENIED**.

## I. PROCEDURAL BACKGROUND[2]

On August 24, 2023, Plaintiff filed an *Amended Complaint* against Defendant Centro de Recaudaciones de Impuestos Municipales ("CRIM" or "Defendant") alleging it violated: (1) Title VII of the

---

[1] Mr. Mojica is joined in the *Complaint* and the *Amended Complaint* by his wife, Vidamaris Zayas-Velasquez, and the Mojica-Zayas Conjugal Partnership. For ease of reference, the Court uses the term Plaintiff to refer to Mr. Mojica specifically and to refer to his position, which is shared with his co-plaintiffs.

[2] For a complete factual and procedural background, see the Court's *Opinion and Order* issued July 18, 2024. (Docket No. 29).

Civil Rights Act; (2) the Americans with Disabilities Act ("ADA"); (3) Section 1983 of the Civil Rights Act; (4) Puerto Rico Law 100; (5) Puerto Rico Law 44; (6) Puerto Rico Law 115; and (7) Puerto Rico Law 69. (Docket No. 4 at 1-2).

On October 26, 2023, Defendant filed a *Motion to Dismiss* against several of Plaintiff's claims. (Docket No. 17). The Court granted the *Motion to Dismiss* on July 18, 2024. (Docket No. 29). As a result, Plaintiff's causes of action pursuant to the ADA, Puerto Rico Law 44, Section 1983 of the Civil Rights Acts (referring to the Due Process Clause and Equal Protection Clause)[3], and Puerto Rico Law No. 100 were dismissed. Id. at 8-22. The Title VII, Puerto Rico Law No. 115, and Puerto Rico Law No. 69 claims remain pending. Id. at 23.

On March 6, 2025, Plaintiff sought leave to file a *Second Amended Complaint*, alleging additional facts that amount to continued discrimination or a pattern of retaliation by Defendant. (Docket No. 52 at 1-3). Plaintiff maintains that the proposed *Second Amended Complaint* is timely, filed in good faith, will not cause undue prejudice to Defendant, and is not futile since it adds recent retaliatory actions. Id. at 2-3.

---

[3] The Court noted Plaintiff's *Response* stated that he requests "to **voluntarily desist** to [the Plaintiff's] Due Process and Section 1983 claims." (Docket No. 22 at 5). The Court considered Plaintiff's *Response* as a request for voluntary dismissal of Mojica's due process, equal protection, and Section 1983 causes of action. (Docket No. 29 at 7-8). However, out of an abundance of caution, the Court fully assessed each claim as well. Id.

Defendant filed an *Opposition* to the *Motion*, highlighting that the proposed *Second Amended Complaint* is identical to the prior *Amended Complaint* except for four new allegations. (Docket No. 54 at 1-2). Defendant requests that the Court deny Plaintiff's *Motion* on futility grounds since the proposed *Second Amended Complaint* merely "revives and restates the exact previously dismissed causes of actions" without supplementing the initial factual allegations. Id. at 3. Alternatively, if the court were to grant Plaintiff leave to file a *Second Amended Complaint*, Defendant requests that the Court dismiss Plaintiff's claims under Section 1983, the ADA, Puerto Rico Law No. 44, and Puerto Rico Law No. 100 since the "newly alleged facts do not pertain to any of the dismissed causes of actions." Id. at 3-5.

## II. APPLICABLE LAW

### A. Federal Rule of Civil Procedure 15(a)

Fed. R. Civ. P. 15(a)(1) allows a party to "amend its pleading once as a matter of course" within certain temporal limits. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Such leave to amend should be "freely give[n]" when "justice so requires it." Id.

A "district court enjoys significant latitude in deciding whether to grant leave to amend." United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (quoting ACA

Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008)). When pondering whether to deny or grant a motion for leave to amend a complaint, the district court must consider the totality of the circumstances. Nikitine v. Wilmington Trust Co., 715 F.3d 388, 390 (1st Cir. 2013); *see* Palmer v. Champion Mortg., 465 F.3d 24, 30-31 (1st Cir. 2006). While the "court should freely give leave when justice so requires," this does not mean "that a trial court must mindlessly grant every request for leave to amend." Fed. R. Civ. P. 15(a)(2); Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 58 (1st Cir. 2006). "Rather, a district court may deny leave to amend when the request is characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part.'" Nikitine, 715 F.3d at 390 (quoting Palmer, 465 F.3d at 30); *see also* United States ex rel. Gagne, 565 F.3d at 48 ("Reasons for denying leave include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment.").

If a proposed amendment "would serve no useful purpose," the court may deny the request. Calderon-Serra v. Wilmington Trust Co., 715 F.3d 14, 19 (1st Cir. 2013) (quoting Aponte-Torres, 445 F.3d at 58). "When reviewing a motion to amend a complaint for futility, the district court applies the Rule 12(b)(6) standard of review." Rivera-Fuentes v. Kijakazi, 651 F.Supp.3d 482, 485 (2023). In terms of review, "there is no practical

difference...between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

Another data point to consider is whether the plaintiff had prior opportunity to amend, either by rule or court order. Nikitine, 715 F.3d at 390; see ACA Fin. Guar. Corp., 512 F.3d at 56-57. "[W]hen a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." Nikitine, 715 F.3d at 390-91 (quoting Hayes v. New Eng. Millwork Distribs., Inc., 602 F.2d 15, 19-20 (1st Cir. 1979)).

**B. Federal Rule of Civil Procedure 15(d)**

Fed. R. Civ. P. 15(d) also permits "a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Amended pleadings "relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading," while supplemental pleadings "deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings." Chardón-Dubos v. Biden, 2024 WL 4373386, at *4 (D.P.R. Sept. 1, 2024) (quoting 6A Charles Alan Wright et al., Federal

Practice and Procedure § 1504, 254-44 (3d ed. 2010)) (internal quotation marks and citations omitted).

Although causes of action that accrue after the initiation of a lawsuit can usually be filed as separate actions, "supplementation under Rule 15(d) is often a more efficient mechanism for litigating such claims," so it is encouraged "when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." United States ex rel. Gadbois v. PharMerica Corp., 809 F.3d 1, 4 (1st Cir. 2015) (quotation marks omitted). "[I]n keeping with the overarching flexibility of Rule 15," courts treat requests to supplement pleadings under Rule 15(d) liberally and exercise "broad discretion" in permitting supplemental pleadings "on just terms." Id. at 5-7 ("This liberality is reminiscent of the way in which courts have treated requests to amend under Rule 15(a)'s 'freely give[n]' standard."). Like Rule 15(a)(2) motions, supplementation motions are not automatically granted, but instead weighed under the totality of the circumstances. Id. at 7. "[I]t is implicit in the logic of Rule 15(d) that a motion to supplement may be denied where the referenced events occurred before the filing of the original complaint." Id.

## III. DISCUSSION

Over seven months passed from the Court's *Opinion and Order* granting the *Motion to Dismiss* and when Plaintiff filed his *Motion* requesting leave to amend. "Appreciable delay alone, in the absence of good reason for it, is enough to justify denying a motion for leave to amend." Calderon-Serra, 715 F.3d at 20 (denying leave to amend because of undue delay where appellants previously amended their complaint and sought permission to file second amended complaint nearly a year after the action commenced and months after the motions to dismiss were fully briefed); *see* Kay v. N.H. Dem. Party, 821 F.2d 31, 34 (1st Cir. 1987) (affirming finding of undue delay when three months had elapsed).

Plaintiff's proposed *Second Amended Complaint* contains several new inclusions under the first cause of action section for Title VII, sexual harassment, and retaliation. (Docket No. 52-1). Plaintiff added the following measure to Paragraph 69, which enumerates "suffered adverse employment actions":

> e. Amid the litigation of this case, CRIM retaliated against Mr. Mojica by granting salary increases to appraisers in the Humacao Region, except for the plaintiff, even though he meets the requirements and is entitled to the benefit as a matter of fact.

(Docket No. 52 at 13). Additionally, Plaintiff asserts new allegations in Paragraphs 74-76:

> 74. The CRIM continues to retaliate against the Plaintiff because, **effective February 1, 2025,** the CRIM granted salary increases "pasos por mérito" in the

> Humacao Region to all appraisers who had yet to receive increases, except to Mr. Mojica, even though he met all the criteria for receiving the merit salary increase.
>
> 75. The CRIM discriminated against Mr. Mojica in terms, conditions and benefits of employment by discriminating or retaliating against him for filing the lawsuit at issue.
>
> 76. This retaliatory act caused the plaintiff to decompensate. For this reason, he went to the Psychiatric Hospital, San Juan Capestrano, where he was partially hospitalized.

Id. at 14 (emphasis added). Lastly, under the prayer for relief, Plaintiff also requests that the Court:

> i) Issue an order providing immediate injunctive relief against the CRIM to cease and desist from retaliating against the plaintiff in terms of employment conditions and benefits, including, but not limited to retroactive pay of salary increases and benefits.

Id. at 20.

According to the timeline presented by Plaintiff, this new act of retaliation became effective February 1, 2025, roughly a year and a half after Plaintiff filed his *Amended Complaint*. Id. at 14. However, as Defendant highlights, instead of merely supplementing the pending pleadings to include these new allegations, Plaintiff's motion seeking leave for a *Second Amended Complaint* re-asserts other causes of actions which the Court already dismissed in its *Opinion and Order* issued on July 18, 2024 – without providing any additional factual submissions to those dismissed causes of action that would affect their prior dismissal.

While there is no undue delay or apparent bad faith on Plaintiff's part in proffering an amendment once the new salary increases came into effect, there would be "undue prejudice to the opposing party by virtue of allowance of the amendment" because Plaintiff seemingly seeks to re-set the playing board to before the *Opinion and Order* granting Defendant's *Motion to Dismiss* by restating claims that were dismissed. *See* Amyndas Pharms., S.A. v. Zealand Pharma A/S, 48 F.4th 18, 36 (1st Cir. 2022) ("In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." – leave to amend should be "freely given.").

Since Plaintiff's motion to amend is premised on matters that allegedly occurred after the *Amended Complaint* and which he characterizes as retaliatory, it is more properly construed as a motion to supplement under Rule 15(d). *See* Chardón-Dubos, 2024 WL 4373386 at *4 ("Parties and courts occasionally confuse supplemental pleadings with amended pleadings and mislabeling is common, but these misnomers are not of any significance and do not prevent the court from considering a motion to amend or supplement under the proper portion of Rule 15.") (internal quotation marks omitted). However, Plaintiff makes no mention of Rule 15(d) in his

*Motion*. Fed. R. Civ. P. 15(d) (stating that "**on motion** and reasonable notice" a court may permit a party to serve a supplemental pleading). Therefore, given the timing and nature of the new allegations Plaintiff seeks to include, the Court **DENIES** Plaintiff's *Motion* under Fed. R. Civ. P. 15(a)(2).

The Court notes that the proffered amendments as to matters allegedly occurring in February of 2025 may be more suitably introduced under Fed. R. Civ. P. 15(d) as a supplemental pleading under one of the remaining cause of actions – Title VII, sexual harassment, and retaliation. Thereby allowing the Court's prior dismissal at Docket No. 29 of various cause of actions in the *Amended Complaint* to stand and not unduly prejudicing the Defendant or hindering Plaintiff's interest in justice.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's *Motion* requesting leave to amend under Fed. R. Civ. P. 15(a)(2) at Docket No. 52. If Plaintiff wishes to include new allegations that occurred since the original filing of this action, he may attempt to do so by a supplemental pleading under Fed. R. Civ. P. 15(d).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of March 2025.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE